CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 21 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY S. HINES,<br>    Plaintiff, | Civil Action No. 7:13-cv-00288 |
| v. | MEMORANDUM OPINION |
| WARDEN RANDALL MATHENA, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Gregory S. Hines, a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff alleges that Defendants, who are officials of the Virginia Department of Corrections ("VDOC"), violated due process guaranteed by the Fourteenth Amendment of the United States Constitution by increasing Plaintiff's security classification and decreasing the rate Plaintiff earns good conduct credit after conducting a hearing. Plaintiff believes that he is being unfairly classified, should not be housed at a more secure prison, and is entitled to damages.

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff has no constitutional right to be housed in any particular prison or placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Meachum v. Fano, 427 U.S. 215 (1976). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life. See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Plaintiff's classification and inter-facility transfer does not exceed a sentence in such an extreme way as to give rise to the protection of the Fourteenth Amendment's Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no

outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Furthermore, Plaintiff does not have a liberty interest in the rate he accrues good conduct credit. Deblasio v. Johnson, 128 F. Supp.2d 315 (E.D. Va. 2000); see, e.g., Hewitt v. Helms, 459 U.S. 460 (1983). Although Plaintiff also generally complains about prison officials' failures to follow their own policies or procedures, such failures do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, the Complaint is dismissed.[1]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER**: This 21st day of October, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] Plaintiff's motion to amend the Complaint, which seeks to add individual capacity actions against defendants and update the relief sought, is denied as futile. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)).